Cowin, J.
This action arises as a result of a fire that occurred on January 23, 1992 in Medford, Massachusetts. Plaintiff Robert Robinson (“Robinson”) claims that the fire was caused by the ignition of natural gas leaking from a pipeline on Sharon Street in Medford owned and maintained by defendant Boston Gas Company (“Boston Gas”). Robinson seeks to recover for injuries he sustained as a result of the fire, and plaintiffs Shawna Robinson and Ashley Lee Robinson seek to recover for loss of consortium. Boston Gas has moved to dismiss Counts II, IV, V and VI of the complaint.[1] For the following reasons, defendant’s motion is allowed.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must take the allegations of the complaint, as well as any inference which can be drawn from those allegations in the plaintiffs favor, as true. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. The “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it) to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); See also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). A complaint is not subject to dismissal if it could support relief under any theory of law. Whitinsville Plaza, Inc., supra at 89.
Count II alleges inferred negligence (or “res ipsa loqui-tur”) against defendant Boston Gas. Res ipsa loquitur states a cause of action in Massachusetts. Clark-Aiken Co. v. Cromwell-Wright Co., Inc., 367 Mass. 70 (1975). However, the doctrine of res ipsa loquitur does not apply in factual situations such as the one in the case at bar. Musolina Le Conte Co. v. Boston Consolidated Gas Company, 330 Mass. 161, 162-65 (1953) (mere fact of a break in a gas line resulting in a leak of gas was insufficient to permit an inference of negligence against gas company). See also, Stewart v. Worcester Gas Light Company, 341 Mass. 425 (1960). Consequently, Count II is dismissed.
Count IV alleges that Boston Gas breached warranties of merchantability and fitness for a particular purpose with regard to the quality of the pipes and systems used for the transmission of natural gas. In order to state a cause of action for breach of these warranties, Robinson must allege that Boston Gas sold goods to Robinson which did not perform as represented.
It is by no means clear that the transmission of natural gas by the defendant constitutes a sale of goods under the Massachusetts version of the Uniform Commercial Code, G.L.c. 106. Assuming, however, that natural gas does indeed constitute “goods,” Robinson’s allegations under Count IV still fail to state a claim. Robinson has failed to allege that the “pipes and systems used for the transmission of natural gas” from which gas leaked and ignited were sold by Boston Gas to Robinson or anyone else. Without a sale there can be no breach of warranty. Mason v. General Motors Corp., 397 Mass. 183, 187-88 (1986). For that reason, Count IV is dismissed.
Counts V and VI allege that Boston Gas engaged in a hazardous activity, transmission of natural gas, and *319 is therefore liable without fault for any injuries caused by the activity unless it can show that the activity was safe. As stated by the Supreme Judicial Court in Musolina, “(t]here is no liability without fault in cases of this kind.” Musolina, supra at 165. “The maintenance of gas, in the company system in the public streets does not give rise to liability without fault.” Stewart, supra at 432. Robinson shall have the opportunity to pursue his negligence claim under Count I of his complaint which is not the subject of the instant motion, but there is no liability without fault under the facts of this case. Accordingly, Counts V and VI are dismissed.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant Boston Gas Company’s motion to dismiss is ALLOWED as to Counts II, IV, V and VI of plaintiffs complaint.

 Boston Gas originally moved to dismiss Count III as well, but at oral argument withdrew its motion as to Count III.